# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DJUAN PRESTON WILLIAMS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-1141-HLT-GEB |
| **MARTIN LONG,** | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Plaintiff Djuan Preston Williams' Motion to Proceed *In Forma Pauperis* (ECF No. 5, *sealed*) and supporting Affidavit of Financial Status (ECF No. 3, *sealed*); and Plaintiff's Motion for Appointment of Counsel (ECF No. 4.) For the reasons outlined below, Plaintiff's Motion to Proceed *In Forma Pauperis* (**ECF No. 5**) is **GRANTED**, and his Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

### I.      Motion to Proceed *In Forma Pauperis* (**ECF No. 5,** *sealed*)

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2]

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's description of his financial resources (ECF No. 3, *sealed*), and comparison of Plaintiff's listed monthly income to his listed monthly expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (**ECF No. 5**) is **GRANTED.** Although Plaintiff proceeds *in forma pauperis*, the clerk of the court is directed to **stay service of process** pending the Court's review of Plaintiff's anticipated amendment as ordered in the Show Cause Order filed simultaneously herein (ECF No. 8).[5]

In the event Plaintiff's case proceeds, the Court will extend the service period under Fed. R. Civ. P. 4(m) as necessary.

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).
[5] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)) (citing *Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005)).

## II.     Motion for Appointment of Counsel (ECF No. 4)

Parties who are permitted to proceed *in forma pauperis* are subject to 28 U.S.C. § 1915(e)(1), which provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[6] There is no constitutional right to counsel in a civil action.[7] In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[8] In *Castner v. Colorado Springs Cablevision*,[9] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's case; and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. Additionally, the law requires a plaintiff to state a viable claim for relief and the court must have subject matter jurisdiction over that claim.

Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[10] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[11]

---

[6] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[7] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[8] *Jackson*, 2014 WL 494789, at *1.
[9] 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[10] *Castner,* 979 F.2d at 1421.
[11] *Jackson,* 2014 WL 494789, at *3.

After careful consideration, the Court declines to appoint counsel to represent Plaintiff for the following reasons. Plaintiff satisfies the first prong of the *Castner* analysis—his inability to afford counsel—through his financial affidavit provided with his motion to proceed *in forma pauperis*, granted above. But it is questionable whether Plaintiff satisfies the second prong of the analysis—diligence in searching for counsel. His motion includes only two names and contact information for law firms Plaintiff appears to have contacted by internet or called by phone. However, the court typically requires that before seeking an appointed attorney, a plaintiff confer with (not merely contact) at least five attorneys regarding legal representation. Plaintiff not only failed to contact the required number of attorneys, but he failed to demonstrate he <u>conferred</u> with any of those attorneys by putting forth any further communication other than an outgoing request.[12] This Court has an obligation to counsel who are willing to take appointments not to make indiscriminate appointments on every occasion that a plaintiff seeks court-ordered counsel.[13]

Additionally, the Court has concerns regarding its ability to adjudicate Plaintiff's claims, as explained in the Order to Show Cause (ECF No. 8) filed simultaneously with this order. In the Order, the Court requires Plaintiff to amend his Complaint to avoid dismissal due to Plaintiff's current failure to state a claim upon which relief may be granted. Therefore, the Court is unable to fully evaluate the merits of Plaintiff's claims given the

---

[12] *See Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, WL 109694, at 2 (D. Kan. 1997). (holding that plaintiff must actually make an effort to ascertain whether an attorney will take a case, mere pretense of contact is not enough)
[13] *Id.* at 2.

information currently presented in his Complaint. And, Plaintiff's case does not appear unusually complex. He has demonstrated no reason why he is unable to adequately present the case on his own. Plaintiff has shown no special circumstances, such as mental or physical impairment, which would indicate he is unable to present her claims.[14] His written pleadings and motions appear organized and coherent.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[15] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[16] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[17]

Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motion for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

---

[14] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008).
[15] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[16] *Id*. (citing *Ficken,* 146 F.3d at 981).
[17] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of September 2021.

                                          s/ Gwynne E. Birzer
                                          GWYNNE E. BIRZER
                                          United States Magistrate Judge