## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DJUAN PRESTON WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 21-1141-HLT-GEB** |
| ) | |
| MARTIN LONG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## <u>ORDER TO SHOW CAUSE</u>

**TO PLAINTIFF DJUAN PRESTON WILLIAMS:**

This matter is before the Court on this employment discrimination action. Plaintiff

Djuan Preston Williams proceeds pro se and brings claims against his former employer,

Martin Long. Plaintiff alleges Defendant violated Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") by discriminating against him based

on his race, which he describes as "Black/African American," and based on his religion,

Christianity. Plaintiff also claims Defendant discriminated against him in violation of the

Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.,*

based upon his age, over 40. (Compl., ECF No. 1.) He also alleges Defendant violated

Section 1102 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act")[1]

in an unspecified manner.

---

[1] 116 P.L. 136, 2020 Enacted H.R. 748, 116 Enacted H.R. 748, 134 Stat. 281 (March 2020). In his Complaint, Plaintiff alleges specifically a violation of "CARES Act, H.R. 748-647 (DD)(bb) section 1102."

The only factual allegations contained in Plaintiff's Complaint are as follows:

> [I] attempted to set up [a] meeting with [the] owner about behavior of employees toward me during my employment on June 8, 2020. On June 9, 2020 [I] arrived to work for scheduled shift and was met by Defendant, terminated, handed my final check, with Federal holdings taken out, and was told and I quote "I didn't fit into their system," and was refused requested meeting.

(Compl., ECF No. 1 at 3-4.) His Motion to Proceed Without Prepayment of Fees adds

minimally to his CARES Act claim, noting he claims a "violation of CARES Act with

federal withholdings." (ECF No. 5, *sealed*.)

Plaintiff filed a Charge of Discrimination with the Kansas Human Rights

Commission, which was submitted to the U.S. Equal Employment Opportunity

Commission (EEOC), Charge No. 563-2020-02154, on December 3, 2020. (ECF No. 1 at

8.) In his Charge, he marks multiple boxes, claiming discrimination based on race, color,

religion, national origin, age, and retaliation. (*Id*.) His allegations in his Charge are very

similar to those in his Complaint:

> On or about June 8, 2020, I requested a meeting with the Owner. On or about June 9, 2020, when I arrived to work, instead of having a meeting I was discharged. I was told by the Owner that I 'did not fit the system.' I was wrongfully terminated.
>
> I believe I have been discriminated against because of my race, African American, color, national origin, American, religion, Christian, age, 43, and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967.

(*Id*.)  On January 14, 2021, the EEOC issued a Dismissal and Notice of Rights noting the

EEOC was closing its file because the Defendant "employs less than the required number

of employees or is not otherwise covered by the [relevant] statutes." (*Id*. at 6.) The

Complaint does not state when Plaintiff received the Notice.

Simultaneous with the filing of this Order to Show Cause, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 7.) However, the authority to proceed without payment of fees is not without limitation. When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. Under 28 U.S.C. § 1915(e)(2)(B), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following Order to Show Cause.

Having reviewed the record in this matter, the Court finds Plaintiff's Complaint is subject to dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[2] Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[3] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[4] and the Court cannot "take on the

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[3] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[4] *Id*.

3

responsibility of serving as his attorney in constructing arguments and searching the record."[5] Fed. R. Civ. P. 8 "demands more than naked assertions."[6]

On review of the allegations of the Complaint, the undersigned concludes there is an insufficient factual basis in the Complaint to raise Plaintiff's right to relief above the speculative level. Although he checks the boxes on the form Employment Discrimination Complaint to contend violations of his rights, **Plaintiff does not provide facts to support his claims**, aside from generally stating his claims were based on other employees' treatment. Further, he supplies no facts at all to support his claim for violation of the CARES Act or whether the CARES Act provides a private right of action. By failing to provide factual support for his allegations, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and the Court is directed by 28 U.S.C. § 1915(e)(2)(B)(ii) to recommend dismissal.

Furthermore, although the findings of the EEOC are not taken as evidence in this matter, the EEOC apparently took issue with the number of persons employed by Defendant and whether the civil rights statutes Plaintiff cites as the basis for his claims actually apply. (*See* ECF No. 1 at 6.) To raise his claims from speculative to plausible,[7] **Plaintiff must clearly outline the number of persons employed by Defendant and note how each statute applies to the facts of this case**.

---

[5] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[6] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[7] *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

Finally, the Court has concerns regarding the timeliness of Plaintiffs' claims. The Notice of Right to Sue was issued on January 14, 2021, and his federal Complaint was filed May 21, 2021. Therefore, Plaintiff filed his lawsuit <u>127</u> calendar days after the issuance of the Notice. But, under Title VII or the Age Discrimination in Employment Act, Plaintiff must have filed his lawsuit against Defendant under federal law based on his Charge in within <u>90</u> days of his receipt of the notice, or his right to sue based on this charge is lost.[8] (*See* Notice, ECF No. 1 at 6.) However, **Plaintiff does not allege on what date he received the Notice**, so the Court is unable to make a determination of timeliness based upon the facts presented. However, when a receipt date is unknown, a presumption of receipt is appropriate whenever the actual receipt date is unknown or disputed of three or five days of the date indicated on the right-to-sue letter.[9] Therefore, the filing of Plaintiff's Complaint is likely untimely.

Despite these defects, it is conceivable Plaintiff may overcome the noted deficiencies by amending his Complaint.[10] Therefore, rather than recommending dismissal at this juncture, the Court will provide him the opportunity to amend his Complaint to address the deficiencies listed herein.

---

[8] *See Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 661 (D. Kan. 2014) ("Once the right-to-sue letter is received, the plaintiff must file suit within a ninety-day period. An action filed after this ninety-day period will be deemed untimely.") (citing Title VII, 42 U.S.C. § 2000e-5(f)(1); ADEA, 29 U.S.C. § 626(e); other internal citations omitted).

[9] *Collier v. AT&T, Inc.*, No. 17-2341-JAR-GLR, 2017 WL 4284868, *5 (D. Kan. Sep. 27, 2017) ("in the Tenth Circuit, 'a presumption of receipt is appropriate whenever the actual receipt date is unknown or disputed' of three or five days of the date indicated on the right-to-sue letter.") (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001)).

[10] *Id.* at *5 (a pro se litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect).

Accordingly, for the reasons stated herein, the Court directs Plaintiff to show cause why his Complaint should not be dismissed as stating no claim for relief. The failure to file a timely response may result in the Complaint being dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is directed to show cause in writing to this Court, why the undersigned Magistrate Judge should not recommend dismissal of this case for failure to state a claim for relief. **Plaintiff shall show cause by filing an Amended Complaint with the Court on or before October 29, 2021 which addresses the deficiencies outlines above.**

**IT IS ORDERED** that a copy of this Order shall be mailed to Plaintiff by certified mail.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 28th day of September, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge